# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *    *
RENEE WOODS, as mother and           *    No. 16-1520V
natural guardian of minor, T.W., and *    Special Master Christian J. Moran
RYAN WOODS, as father and            *
natural guardian of minor, T.W.,     *    Filed: December 11, 2019
                                     *
            Petitioner,              *
v.                                   *
                                     *    Stipulation; diphtheria-tetanus-
                                     *    acellular pertussis ("Dtap") vaccine;
SECRETARY OF HEALTH                  *    measles-mumps-rubella ("MMR")
AND HUMAN SERVICES,                  *    vaccine; inactivated poliovirus
                                     *    ("IPV") vaccine; varicella vaccine;
                                     *    macrophagic myofasciitis ("MMF").
            Respondent.              *
* * * * * * * * * * * * * * * * * * *    *
```

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION[1]

On November 6, 2019, the parties filed a joint stipulation concerning the petition for compensation filed by Renee Woods and Ryan Woods, on behalf of their minor child T.W., on November 15, 2016. In their petition, petitioners alleged that the diphtheria-tetanus-acellular pertussis ("Dtap"), measles-mumps-rubella ("MMR"), inactivated poliovirus ("IPV"), and varicella vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a), and which T.W. received on January 14, 2014, caused T.W. to suffer macrophagic myofasciitis ("MMF"). Petitioners further allege that T.W. suffered the residual

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

effects of this injury for more than six months. Petitioners represent that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

Respondent denies that the vaccines either caused or significantly aggravated T.W.'s alleged injury or any other injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum payment of $23,329.96, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Renee Woods and Ryan Woods.**

b. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the signed stipulation (attached hereto), paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 16-1520V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.